IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELIJAH MILLNER, ) | |
|    Plaintiff, ) | Civil Action No. 7:22cv00214 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DAVID A. ROBINSON, *et al.*, ) | United States District Judge |
|    Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Elijah Millner, a prisoner in the custody of the Virginia Department of Corrections (VDOC) and proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Millner's complaint names three defendants: David A. Robinson, Mr. Fannin, and Israel Hamilton.[1] His claims are based on an instance in which he was denied certain nude and semi-nude photos via email, which he had ordered from a commercial vendor. Pending before the court is defendants' motion to dismiss (Dkt. No. 14), to which Millner has responded (Dkt. No. 20). For the reasons set forth herein, defendants' motion will be granted. Because it is possible that he may be able to state sufficient additional facts to state a claim, however, the court will dismiss the complaint without prejudice and allow Millner to file an amended complaint within thirty days, should he so choose.

I. BACKGROUND

Millner's brief complaint contends that "Defendants unlawfully prohibited [him] from receiving emails with images from [a] commercial vendor, Jail Bird Services, on December 13, 2021[,] through J-Pay secure messaging." (Compl. 2, Dkt. No. 1.) He claims that "[e]ven if one photo was nude, the other digital images should not have been denied," and he notes that Jail

---

[1] Plaintiff spelled Hamilton's first name as "Isreal," but in every filing from defendant, the spelling used is Israel, which the court presumes is correct. Thus, the Clerk will be directed to update the docket accordingly.

Bird Services is an approved vendor. (*Id.* at 3.) He claims that the images were denied due to the "unreasonable policy of treating all images as 'personal images,'" which is based on VDOC's Operating Procedure (OP) 803.1. He further asserts that OP 803.1's treatment of all images received by email as "personal" for screening purposes is unconstitutional. (*Id.* at 2.) For relief, he seeks the "receipt of semi-nude digital images." (*Id.*)

Millner's complaint also includes the grievance documents related to his exhaustion of this issue. It appears that he grieved the issue, and he appealed the denial of that grievance, but the denial of his images was upheld as consistent with OP 803.1. In one of the grievance responses, R. Perry of the Ombudsman Services Unit quotes the pertinent portion of OP 803.1, titled "Inmate and Probationer/Parolee Correspondence":

> All pictures and photographs sent to an inmate through the secure messaging system are considered personal and must comply with the requirements governing personal photographs to include prohibition of nude or semi-nude, persons in diapers, underwear, lingerie, or swimwear, photographs or pictures of any person.

Ex. to Compl, Dkt. No. 1-1, at 7.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[2] To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most

---

[2] Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014).  But a court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302.  *Pro se* complaints are afforded a liberal construction.  *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

## B. Personal Involvement of Defendants

Defendants move to dismiss primarily because Millner has failed to allege any personal involvement by any of them in the alleged denial of his images.[3]  (*See generally* Mem. Supp. Mot. Dismiss 3–4, Dkt. No. 15.)  "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

It is unclear whether Millner is challenging only the constitutionality of OP 803.1 or is also alleging that the defendants' specific conduct violated his constitutional rights.  Regardless, he has not alleged what role, if any, any of the named defendants played in instituting or

---

[3] Defendants also argue that they are entitled to qualified immunity (*see* Mem. Supp. Mot. Dismiss 5–6), although plaintiff seeks only injunctive relief in his complaint.  In any event, this argument, too, is based on their assertion that plaintiff fails to identify any specific action by them such that he fails to allege a constitutional violation.  (*See id.*)  In light of its ruling, the court need not address qualified immunity at this time.

implementing that policy, let alone in applying it to the specific denial of his images. Indeed, the defendants are not referenced in the body of the complaint at all, nor do they appear to have signed any of the documents that Millner attaches to his complaint. The only reference the court can find in the attachments or complaints is that, in one of the grievance documents, the writer states, "Per Mr. Fannin, Intelligence Officer at your facility, the secure message in question showed nude and semi-nude photos." (Dkt. No. 1-1, at 7.)

The Fourth Circuit recently made clear that collectively deeming "defendants" to have committed some act generally is insufficient to state a claim against any of them. *Langford v. Joyner*, __ F.4th __, 2023 WL 2335957, at *4 (4th Cir. Mar. 2, 2023). In *Langford*, the Fourth Circuit agreed with courts who were "critical of complaints that fail to isolate the allegedly unconstitutional acts of each defendant, or that make only categorical references to defendants." 2023 WL 2335957, at *2 (cleaned up). It explained that requiring specific factual allegations for each defendant "gives fair notice to *that* defendant of the plaintiff's claim and the underlying factual support." *Id.* (emphasis added).

In his complaint, Millner has failed to identify any action by Robinson or Hamilton, or even what their titles or duties are. Nowhere does he allege that they created the policy he seeks to challenge or enforced this policy as to him. As noted, moreover, the sole reference to Fannin (in a document attached to the complaint) suggests that Fannin determined that the message at issue contained nude and semi-nude photos, a fact Millner acknowledges. Further, it is unclear whether Fannin was involved before the decision was made not to give Millner the images, or whether he only investigated afterward, in response to Millner's grievance. These vague allegations against him—and the complete omission of any allegations against the other two defendants—means that Millner has failed to identify any action by any of the named defendants that resulted in a violation of his rights. Thus, the motion to dismiss must be granted and his

complaint must be dismissed.[4]

## III. CONCLUSION

For the foregoing reasons, Millner's complaint fails to state a claim against defendants and must be dismissed. The court will dismiss his complaint without prejudice and will give him an opportunity to file an amended complaint, should he so choose.

An appropriate order will be entered.

Entered: March 14, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[4] Defendants did not move to dismiss based on the merits of Millner's claims, but the court recognizes that another judge of this court has held that OP 803.1 was a constitutional policy, based on the full trial record before it. *Hoglan v. Robinson*, No. 7:16-cv-595, 2022 WL 4798248 (W.D. Va. Sept. 30, 2022), *appeal docketed*, No. 22-7265 (4th Cir. Nov. 1, 2022). If Millner elects to file an amended complaint, he must allege facts in his amended complaint to support his assertion that the policy is unconstitutional, as it is his burden to disprove the validity of the policy under *Turner v. Safley*, 482 U.S. 78, 89–91 (1987), and *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). *Desper v. Clarke*, 1 F.4th 236, 244–45 (4th Cir. 2021), *cert. denied,* 142 S. Ct. 811 (2022).