IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ELIJAH MILLNER,               )
     Plaintiff,            )           Civil Action No. 7:22-cv-00214
                        )
                        )
v.                      )
                        )           By: Elizabeth K. Dillon
DAVID ROBINSON, *et al.,*     )           United States District Judge
     Defendants.        )

**MEMORANDUM OPINION**

In this action, *pro se* plaintiff Elijah Millner, an inmate housed at a Virginia Department of Corrections facility, alleges claims in an amended complaint against defendants Fannin, Robinson, Rasnake, and Keen Mountain Correctional Center. (Am. Compl., Dkt. No. 30.) Millner alleges that he was denied possession of nude and semi-nude digital photographs in violation of the First Amendment. Defendants moved to dismiss. (Dkt. No. 37.) This motion will be granted.

I.  BACKGROUND

This action was previously dismissed, but the court granted Millner's motions to reopen and for leave to file an amended complaint. (Dkt. Nos. 25–30.) Plaintiff alleges, as noted, that defendants unlawfully prohibited him from receiving certain images from Jail Bird Services, a commercial vendor, by email. (Am. Compl. at 2.) The images were received through the JPay secure messaging system on December 13, 2021. (Am. Compl. at 3.) Jail officials notified Millner, pursuant to VDOC policy OP 803.1, that the photos are considered personal and must comply with the requirements governing personal photographs to include prohibition of nude or semi-nude photographs of any person. (*Id.*) Millner filed a grievance, which was denied by defendant Rasnake pursuant to OP 803.1. Millner appealed, and the denial of his images was

upheld by defendant Fannin.  (*Id.*)  The amended complaint further alleges that defendant

Robinson, VDOC's Chief of Corrections Operations, is responsible for the provisions and

implementation of OP 803.1, including the policy concerning nude and semi-nude photos.  (*Id.*)

## II.  ANALYSIS

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most

favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual

allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A

plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681

(2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and

courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold

of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-

23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the

work of an untutored hand requiring special judicial solicitude," district courts are not required to

"conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

The court construes Millner's amended complaint as challenging the constitutionality of VDOC policy OP 803.1.  In its previous opinion that addressed defendants' motion to dismiss Millner's original complaint, the court recognized that "another judge of this court has held that OP 803.1 was a constitutional policy, based on the full trial record before it."  (Dkt. No. 24 at 5 n.4 (citing *Hoglan v. Robinson*, No. 7:16-cv-595, 2022 WL 4798248 (W.D. Va. Sept. 30, 2022).)  The court explained that if Millner "elects to file an amended complaint," as he now has, "he must allege facts in his amended complaint to support his assertion that the policy is unconstitutional, as it is his burden to disprove the validity of the policy under *Turner v. Safley*, 482 U.S. 78, 89–91 (1987), and *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)."  (*Id.* (also citing *Desper v. Clarke*, 1 F.4th 236, 244–45 (4th Cir. 2021).)  Millner has failed to meet his burden of alleging facts tending to show, as required by *Turner* and *Overton*, that the policy at issue is not "reasonably related to legitimate penological interests."  *Hoglan*, 2022 WL 4798248, at *12 (citing *Turner*, 482 U.S. at 89).

In Millner's response to the motion to dismiss, Millner states that he relies on "previous argument with all other evidence together, deeming it proper to deny defendants motion to dismiss . . . ."  (Dkt. No. 46 at 1.)  This is insufficient because in the court's *Roseboro* notice, Millner was given 21 days to "submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding Defendant's evidence."  (Dkt. No. 40 at 1.)  In any event, the court has reviewed Millner's previous submissions, and they do not contain any allegations or evidence sufficient to meet the standard in *Turner*.

Accordingly, the court will grant defendants' motion to dismiss.  The dismissal will be with prejudice given Millner has already amended the complaint once, and plaintiff was unable to cure the defects in the original complaint.  *See, e.g.*, *Hainey v. SAG-AFTRA Health Plan*, Civil Action No. 8:21-cv-02618-PX, 2023 WL 3645514, at *15 (D. Md. May 25, 2023) (explaining that whether to dismiss with or without prejudice is "within the discretion of the district court" and dismissing with prejudice because plaintiffs "have already amended their Complaint once, and the second attempt has been an exercise in futility") (citing *McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009).

## III.  CONCLUSION

For the above stated reasons, the court will issue an order granting defendants' motion to dismiss and dismissing this action with prejudice.

Entered: November 30, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge